Curia, per Evans, J.
The facts of this case are these — Colin M’Rae and one George C. Brown, were merchants trading under the name of Colin M’Rae & Co. ^ Brown advanced money to the firm and took their note payable to himself or order. Brown was indebted to Marvin, the plaintiff, and was arrested on a bail writ. Brown delivered that note to Cohen, the attorney of Marvin, and was thereupon discharged from the arrest. The note was not indorsed. Shortly afterwards and before the note was due, Cohen gave notice to M’Rae of the transfer of the note and the circumstances under which he had received it. M’Rae replied that in the settlement of the concern of M’Rae & Co., he would retain money enough to pay the note. Cohen saw M’Rae frequently, and he repeatedly made the same promise. On the 17th March, 1835, after the death of Brown, Cohen again applied to M’Rae for the *174 money, and was informed by M’Rae that he had settled with Brown, and told him he must retain money to pay this note.— Brown replied, “never mind, allow me to take the money and I will pay the note — and he permitted Brown to do so. Marvin sued M’Rae as survivor, in an action for money had and received, and the question submitted to this court is, whether the action can be maintained. In the consideration of this case, I shall assume that M’Rae’s promise to Cohen to retain money on a settlement of the concern, was a promise to pay it to Marvin. The words seem to admit of no other rational construction. The case then resolves itself into these questions : 1. Is the promise of M’Rae & Co.,.made by M’Rae, one of the firm, to pay their own note to Marvin, to whom it had been transferred under the circumstances above stated, a promise binding in law ? 2. Will the action for money had and received lie against M’Rae, as survivor, to recover the money?
In relation to the first question, I think it wholly immaterial that Brown was one of the firm of M’Rae & Co. As an individual, it was competent for him to make a contract with the firm, and it was in his individual capacity he received the note from M’Rae. tie could not sue M’Rae & Co. on the contract at law, because he could not be plaintiff and defendant in the same action. Had he endorsed the note to Marvin, Marvin as an endorsee could have sued the firm. A man may give a note payable to his own order, as well as to the order of another; and such note when endorsed may be sued in the name of the indorsee. I regard Marvin, therefore, as in the same condition he would have been in had Brown not been a member of the firm of M’Rae & Co. In such case, without any promise of M’Rae & Co. to pay the money, he might have brought the action in Brown’s name to recover the money, and when collected he might have applied it to his own use. A verbal transfer of such a note, conveys ho right of action upon the note; but in all other respects, the holder is as much the owner as if .the note had been endorsed. This I think is fully sustained by all the authorities: In Morris v. Peay, 1 Hill. 35, it was decided that the plaintiff on the record, in whose name an action had been brought for the use of a person to whom the note had been delivered, should not be allowed to discontinue the action; and in *175 that case it is said to have been decided in Taylor v. Holstein, (not reported,) that a receipt in full from the nominal plaintiff, after the maker knew of the transfer, would not defeat the action. In Daniel v. Hill, decided at Columbia, Feb. T. 1837, it was held that where, the maker knew that the payee had transferred a sealed note without assignment, a payment to the holder, or even to one who had obtained possession of the note surreptitiously, as it was alleged, was a discharge of the debt — and consequently no action could be maintained by the payee against the maker after such payment. In this case of Daniel v. Hill, Daniel the payee delivered the note to one Wimberly in paymentjthamotmwas fraudulently obtained from Wimberly by one ^^^^m^s^^^feHolmesand he to Bonds. Hill paid the mon<m^:ff^0mñs arm rafejfpp the note. After the decision of the case of Daniel v. Hill. Wimberly sped Bonds in an action for money ha®»^wddewMf‘-rlhjte case was decided in Columbia, November|,íl838. ex parte Cark, Dudley 111, fully recognize^^i^OTlii^mi^pie bona fide holder of a note not assigned, is entmfeds^tWfSSfily, and in that case the sheriff was compelled by rule to pay the money to Cark in preference to the execution creditors of the payee. To these cases, decided by this court, might be added numerous other cases, both English and American. The cases go upon this principle, that by the transfer, the holder is the agent of the payee to receive the money, and that this agency is coupled with a trust which is irrevocable. Since these decisions, I .apprehend it will be in vain to say that the promise of M’Rae & Co. to pay their, own debt to Marvin, who by law was alone authorised to receive it and discharge the debt, is void either because it is nudum pactum, or within the provisions of the statute of frauds.
If M’Rae & Co. had sued Brown for a debt for money loaned, and Brown owed Marvin a like sum, and it had been agreed among them that M'Rae & Co. should pay Brown’s individual debt to Marvin, it would have been the common case put in the books of the assignment of debts by the mutual arrangement of the parties. I cannot perceive that the circumstance, that Brown was a member of the firm of M’Rae & Co., or that the debt was due upon a note, can vary this case from Crowfoot v. Gurney, 9 Bing. *176 372, 23 Eng. Com. Law Rep. 309. See on this head the cases of Israel v. Douglas, 1 H. Bla. 239, Tatlock v. Harris, 3 T. R. 180, Wharton v. Walker, 4 B. & C. 166.
The remaining question is, will the action for money had and received lie against M’Rae as survivor ? In the consideration of this question, I do not consider it necessary to go into an examination of the nature of the action, or the various cases in which it will lie. The general principle to be found in all the cases is, that if A. has money in his hands which belongs to B., B. may sue him in this form of action. It can make no difference that M’Rae has parted from the money. The authorities before cited, show conclusively Brown had no authority to receive it. His dominion and control was gone, and Marvin alone was entitled to the money. If M'Rae & Co. had on the settlement retained the mqney to pay Marvin, I apprehend there would be no question but that the action would lie. If he had delivered the money to a stranger on his promise to pay Marvin, this would not have discharged his liability to the plaintiff, and I am unable to perceive, as I have already said, that the circumstance that Brown, to whom he delivered the money on his promise to pay it to Marvin, can any more exempt him than if he had delivered it to an entire stranger. It is a mistake to say that because there has been a special contract between the parties, the plaintiff must sue on the agreement. The rule seems to be this, if the contract be still open, and something remains to be done besides the payment of the money, then the action must be special. I have always understood, says Tindal, C. J., in the case of Grissell v. Robinson, 3 *Bing. N. C. 15, “the distinction as to the obligation to sue on the special contract, rather than on the general count, to be, that where at the time of payment any thing remains to be done, of which the plaintiff must show performance, the action must be on the special contract; but where all has been done and the plaintiff has nothing to do but to prove the payment of the money,'he may sue on the general count.” In order to recover on a count for money had and received, says Buller, J., in Straton v. Rastal, 3 T. R. 370, the plaintiff must show he has equity and con *177 science on his side, and that he could recover in a court of equity. Upon the whole it seems to me very clear, from the evidence, that the money was in the possession of M’Rae & Co., for M’Rae says on Brown’s promise to pay Marvin, he suffered him to take the money. According to all the authorities in equity and justice, Marvin was entitled to receive it. The money was his and he had a right to demand it of M’Rae & Co. whenever it came into their hands.
Note. — To prevent something like a want of clearness in the application of the principle laid down in the case of Gressell v. Robinson, 3 Bing. N. C. 15, (33, Eng. Com. Law Rep. 15,) to the case before the court, it may be proper to remark that upon looking into that case (the case of Gressell v. Robinson,) it will he seen to have been an action to recover money alleged to have been paid by the plaintiffs to the use of the defendant, under the common count for money paid, and not as might be supposed for money had and received, by the defendant to the use of the plaintiffs. In relation however to the question whether the common count may he sufficient, or whether the plaintiff must declare specially, the principle may he and probably is the same, whether applied to the case of money paid to the defendant’s use, or to money had and received by the defendant to the use of the plaintiff. In Grissell v. Robinson, the plaintiffs had paid their attorney, Taylor, for preparing a lease agreed upon between the plaintiffs (the lessors,) and the defendant Robinson (the lessee). The evidence proved thatit was the custom for the landlord’s attorney to draw the lease, hut that it was to be ultimately paid for by the lessee. The plaintiffs having paid Taylor for drawing the lease, brought then action against Robinson to recover the amount, as for so much money paid by them to the defendant’s use. In reference to this state of facts and the nature of the action brought, C. J. Tindal remarks, “ I have always understood the distinction as to the obligation to sue on the special contract, rather than on the general count, to be, that where at the time of the payment any thing remains to be done under the contract, of which the plaintiff must show performance, the action should be on the special contract; but where all has been done and the plaintiff has only to prove the payment of the money, then he may sue on the general count; and in order to recover on that count, the plaintiff must show an express or implied assent of the defendant to the payment of the money, or that it was paid upon compulsion for the use of the defendant. Here the money was paid by the plaintiffs to Taylor, their attorney, who had prepared the lease of the premises demised to the defendant. The evidence shows that it is the custom for the landlord’s attorney to draw the lease and that it is paid for by the lessee. That being the position of the parties, in what way could a special contract be stated, which in concise expression would not show the money to have been paid to the defendants use!” Mr. Justice Gaselee in the same case remarks, “That upon all contracts for work to be done in a particular way, or at particular times, or for goods sold, to be paid for or delivered at particular times, after the work has been done and the goods delivered, the plaintiff may resort to the general count for work and labor, or for goods sold and delivered.” In relation to the common count for money had and received, see the following cases in our own courts: Huckson v. Avant, 2 Brev. Rep. 264; Fowler v. Williams, Ib. 304, 1 M. Con. Rep. 393, 2 Tred. Con. Rep. 750, 1 N. & M'Cord. Rep. 45, 2 N. & M'Cord. Rep. 65, and the Other cases collected in “ Rices Digest,” 2 vol. 181. See also the cases of Parkerson v. Dinkins, and Clark & Wife v. King, decided at this term, (post.) R.
Dargan, for the motion.
Munro, contra.
I am therefore of opinion this action will lie, and the motion to set aside the nonsuit is granted.
Gantt, O’Neall and Butler, Justices, concurred. Earle and Richardson, J., absent.

 32 Eng. Com. Law R. 15,